United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jonathan Javier Elias Casas, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5132 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Jonathan Javier Elias Casas is a native and citizen of Mexico who concedes that he illegally entered the United States in 2004. Doc. 1 ¶¶ 26–27. On June 1, 2026, Petitioner encountered local law enforcement in Victoria County, Texas, and on June 3, 2026, he was transferred into the custody of the Department of Homeland Security for detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Docs. 1 ¶¶ 40, 43; 7 at 2–3. Petitioner remains in the custody of the Warden of the Joe Corley Processing Center in Conroe, Texas.[1] Docs. 7 at 3. On August 17, 2026, Petitioner was ordered removed. Doc. 7 at 3. On September 16, 2026, the Board of Immigration Appeals received Petitioner's case appeal, which remains pending. Doc. 8 at 7, 17. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates substantive and procedural due process. Doc. 1 ¶¶ 68–74.

---

[1] At the time he filed the Petition, Petitioner was in the custody of Respondent Warden of the Montgomery Processing Center in Conroe, Texas. Doc. 1 ¶ 25.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings.[2] *See* Doc. 7 at 1; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

---

[2] Although Petitioner initially asserted that his detention is governed by 8 U.S.C. § 1226(a), Doc. 1 ¶ 2, he has withdrawn reliance on § 1226(a) as a basis for release, Doc. 8 at 2.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 2nd of November, 2026.

Nicholas J. Ganjei
United States District Judge